UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:

| | |
|---|---|
| TERESA PEGUERO                )  |  |
|     Plaintiffs,                          ) | |
|                                        ) | |
| VS.                                                )  | |
|                                        ) | |
| JETBLUE AIRWAYS, INCORPORATED  ) | |
|     Defendant.                        ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**PARTIES**

1.      Plaintiff, Teresa Peguero, is an individual, a citizen of the United States and at all times material to the within complaint a resident of the Commonwealth of Massachusetts and the County of Suffolk.

2.      JetBlue Airways, Incorporated (hereinafter "JetBlue") is a domestic corporation domiciled in and existing under and by virtue of the laws of the United States with its principle place of business in Long Island City, New York.

**JURISDICTION AND VENUE**

4.      The court has subject matter jurisdiction in that there is complete diversity of citizenship based on 28 U.S.C. § 1332. This is a civil action between citizens who are residents of different or foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Jurisdiction in this matter also exists under 28 U.S.C. § 1331 under federal question in that the rights and obligations of the parties are governed by a Federal Treaty, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as "THE WARSAW CONVENTION" and/or in the alternative under The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, commonly known as "THE MONTREAL CONVENTION".

6. Plaintiff is informed and believes and on that basis alleges that JetBlue does sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over it, such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

7. Jurisdiction lies in this court based on MONTREAL CONVENTION Article 33 (2) in that THE MONTREAL CONVENTION confers national jurisdiction on the federal courts of the United States since Plaintiff is a citizen of the United States and a resident of Suffolk County within the District of Massachusetts therefore making the venue proper in this District Court.

8. Plaintiff is informed and believes that JetBlue operates commercial flights within, to and/or from the United States and/or maintain offices in the United States, thereby fully satisfying Article 33 (2) of THE MONTREAL CONVENTION.

9. Venue is proper pursuant to 28 U.S.C. § 1391 (c) because JetBlue is subject to personal jurisdiction in this judicial district for the reasons set forth.

## GENERAL ALLEGATIONS

10. At all times herein mentioned, JetBlue was, and now is, a common air carrier of passengers for hire on regular schedules, over definite designated routes, including the routes that were to be traveled by Plaintiff, as hereinafter alleged, soliciting the patronage of the traveling public, and advertising schedules for routes, times of departure and arrival, and rates of fare and other travel related services.

11. On or about March 18, 2019 Plaintiff was traveling as a fare-paying passenger on JetBlue flight, 129 from Boston, Massachusetts (BOS) to Santo Domingo, Dominican Republic (SDQ).

12. By the reason of the abovementioned premises the Plaintiff, was involved in "International Transportation" within the meaning of Article 1 (2) of THE MONTREAL CONVENTION and/or within the meaning Article 1 (2) of the WARSAW CONVENTION.

13. During that flight, Plaintiff sustained injuries when turbulence caused her to fall and strike her head in the lavatory.

14. As a result thereof, the Plaintiff, suffered serious injuries to her head, neck and body well as physical and mental anguish flowing from the physical injuries.

15. Further, at all times relevant thereto, and as to the Plaintiff, the conduct of JetBlue, and JetBlue's flight crew was unusual, unexpected, abnormal and external to her and not associated with the normal operation of the aircraft. This conduct constituted the proximate legal cause of the Plaintiff's injuries.

16. By reason of the above premises, these actions thus constitute an Article 17 "Accident" pursuant to THE MONTREAL CONVENTION and/or the WARSAW CONVENTION.

17. As a direct legal and proximate result thereof the Plaintiff, suffered and sustained serious injuries, all to her general damage in excess of $75,000.00 to be shown at trial, and to her special damage for medical and related expenses, and impairment of earning capacity, to be inserted by amendment when the above are financially determined.

**WHEREFORE,** Plaintiff, TERESA PEGUERO prays judgment against Defendant, JETBLUE AIRWAYS, INCORPORATED as follows:

1. General damages for physical injury;
2. Special damages according to proof;
3. Costs of suit;
4. For attorneys' fees, if and as permitted by of law;
5. For pre-judgment interest, if and to the extent such are allowed by law;
6. For such other and further relief as the court may deem proper; and
7. For an early adjudication of the court that Defendant JetBlue Airways, Incorporated owe and must pay to Plaintiff the sum of 144,100 SDR (special drawing rights), with leave to Plaintiff to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial in this matter.

>Respectfully submitted,
>The Plaintiff
>By Her Attorneys

Dated: March 11, 2021

*/s/ Jared J. Muggeo*_____
Jared J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177
BBO #699190
jared@ljmassoc.com